IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No.  12-cr-00366-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM WADE ROBBINS,

Defendant.

---

## ORDER OF DETENTION

---

THIS MATTER came before me for a detention hearing on September 13, 2012.  I have reviewed the Pretrial Services report and heard the arguments of counsel.

I find that the evidence establishes that the defendant poses a risk of flight based on the following:

In order to sustain a motion for detention, the government must establish that there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure (a) the appearance of the defendant as required or (b) the safety of any other person or the community.  18 U.S.C. § 3142(b).  The former element must be established by a preponderance of the evidence, and the latter requires proof by clear and convincing evidence.

The Bail Reform Act establishes the following factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of the community:

(1)   The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)   the weight of the evidence against the person;

(3)   the history and characteristics of the person including–

    (A)   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B)   whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Weighing the factors set out in the Bail Reform Act, I find the following:

The defendant has been charged under 21 U.S.C. § 841(a)(1) with possession with intent to distribute and distribution of 50 grams or more of methamphetamine; and 21 U.S.C. § 841(a)(1) with possession with intent to distribute 50 grams or more of methamphetamine.

I find based on the defendant's history and personal characteristics that no condition or combination of conditions will reasonably assure the appearance of the defendant as required. The defendant did not contest detention.

After considering all appropriate factors, I conclude that the preponderance of the evidence establishes that no condition or combination of conditions of release will reasonably

assure the appearance of the defendant as required.

IT IS ORDERED:

1.      The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.      The defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

3.      On order of this Court or on request of an attorney for the United States, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

Dated September 13, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge