IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

COURT EXHIBIT
1
12-cr-00366

Criminal Case No. 12-cr-00366-WYD-01

UNITED STATES OF AMERICA,

Plaintiff,

v.

1. WILLIAM WADE ROBBINS,

Defendant.

---

## PLEA AGREEMENT AND STIPULATION OF FACTS RELEVANT TO SENTENCING

---

THE UNITED STATES OF AMERICA, by and through its undersigned Assistant U.S. Attorney for the District of Colorado, hereinafter referred to as the Government, and this defendant, William Wade Robbins, hereinafter referred to as the defendant, personally, and by and through his counsel of record, submit the following Plea Agreement and Stipulation of Facts relevant to sentencing, pursuant to the provisions of D.C.COLO.LCrR11.1:

### I. PLEA AGREEMENT

A.   The defendant agrees to plead guilty to Counts One and Two of the Indictment returned against him in this matter.

B.   The parties jointly acknowledge that the defendant has expressed the intent to cooperate with the Office of the United States Attorney for the District of Colorado by providing testimony, documents and other information known to the defendant about the criminal wrongdoing of other persons.  The defendant agrees that

he shall cooperate fully with the Government by:

      (1)    providing truthful and complete information and testimony when called upon by the Office of the United States Attorney for the District of Colorado; and

      (2)    appearing at such grand jury proceedings, hearings, trials and other judicial proceedings as may be required by the Office of the United States Attorney for the District of Colorado.

      C.    The Government reserves the sole right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If, in the exercise of its discretion, the Government determines that the defendant's cooperation is of such significance so as to warrant the Court's departure from the advisory Guidelines sentence, the Government may make a motion pursuant to §5K1.1 of the Sentencing Guidelines, but not also under Title 18, United States Code, Section 3553(e), reflecting that this defendant has provided substantial assistance. At this time, and assuming continuing complete and truthful cooperation by this defendant, including testimony if he is called as a witness by the Government, the Government intends to file a motion for a reduction of sentence on behalf of this defendant and recommend a reduction to the mandatory statutory term of imprisonment of 120 months or 10 years. If the defendant's anticipated cooperation, including truthful and complete testimony, is not complete by the date of his sentencing hearing, the contemplated reduction may be apportioned between a pre-sentencing motion for sentencing reduction and a post-sentencing motion for reduction under the provisions of Rule 35(b), Fed. R. Crim. P. The defendant stipulates and agrees to this term of imprisonment and further agrees that in exchange for this sentencing concession, he will file no motions for a variance or departure below this sentence which is stipulated to by the parties. The defendant

understands and agrees that the Court is not bound by the stipulated sentencing recommendation of the parties. If such a motion or motions for sentencing reduction were, as presently anticipated, to be made, the defendant understands and agrees that the Court is under no obligation to grant the Government's motion or motions. Finally, the defendant understands and agrees that the Court may impose any sentence authorized by law and the defendant may not withdraw his guilty plea solely as a result of the sentence imposed.

D.   The Government agrees with the defendant's request to the Court to be sentenced to a starting sentence at the lowest end of the applicable Guidelines range, but reserves full rights to object to the setting of the applicable Guidelines range if the Government is of the opinion that an error has been made by the Probation Department.

E.   The defendant is aware that 18 U.S.C. §3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the sentencing concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following four criteria: (1) the sentence imposed is above the maximum penalties provided for in the statute of conviction; (2) the Court, after determining the otherwise applicable sentencing guideline range, either departs or varies upwardly; (3) the Court denies a Government motion for sentencing reduction in this matter if one is, as is presently anticipated, filed; or (4) the Court determines that the adjusted offense level is greater than 33 and imposes a sentence based upon that offense level determination. Except as provided

above, the defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on the grounds set forth under 18 U.S.C. §3742. Further, the defendant knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence or the manner in which it was determined, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. §2255. This waiver provision, however, will not prevent the defendant from seeking relief otherwise available if: (1) there is an explicitly retroactive change in the applicable guidelines or sentencing statute; (2) there is a claim that the defendant was denied the effective assistance of counsel; or (3) there is a claim of prosecutorial misconduct. Additionally, if the Government appeals the sentence imposed by the Court, the defendant is released from these waiver provisions.

  F. This plea agreement is made pursuant to Fed. R. Crim. P. 11(c)(1)(B).

## II. STATUTORY PENALTIES

  A. The maximum statutory penalty for the offenses charged in Counts One and Two of the Indictment is not less than 10 years, and not more than life imprisonment, up to a $10,000,000 fine, or both; not less than 5 years of supervised release and a mandatory $100 special assessment fee as to each count of conviction.

  B. This conviction may cause a loss of civil rights, including, but not limited to, the right to possess firearms, to vote, to hold elected office and to sit on a jury.

## III. ELEMENTS OF THE OFFENSE

The elements of the offenses of conviction charged in Counts One and Two of the Indictment, violations of 21U.S.C. §§ 841(a)(1) and (b)(1)(A), are as follows:

  (1) that the defendant unlawfully, knowingly and intentionally possessed with intent to distribute or did distribute a controlled substance, in this case, a quantity of a

4

mixture and substance containing 50 grams or more of methamphetamine (actual), a controlled substance listed in Schedule II;

(2) that the defendant knew the substance which was the object of the offense was a controlled substance; and

(3) that the defendant possessed this controlled substance with the intent to distribute or transfer this controlled substance to another.

## IV. STIPULATION OF RELEVANT FACTS

A. The parties stipulate and agree that the Government's evidence at trial would establish the following:

1. On July 27, 2011, a cooperating source (CS) paid this defendant $6,000 in currency to satisfy a pre-existing drug debt, whereupon, at his house in Greeley, Colorado, this defendant "fronted" approximately one pound of methamphetamine to the CS (Count One). With this information, supervising agents and officers obtained a search warrant which was executed at this defendant's residence early on the morning of July 28, 2011, leading to the seizure of an additional approximately 408.5 grams of methamphetamine and approximately $14,000 in currency (Count Two).

2. The drug exhibits obtained and seized on the dates set forth above were analyzed by a forensic chemist who determined that the substances obtained and seized on July 27 and 28, 2011, were in fact:

### July 27, 2011

| | |
|---|---|
| Lab Exhibit 2: | 444.9 grams of methamphetamine at a purity level of 98%, yielding 436 grams of methamphetamine (actual). |

### July 28, 2011

| | |
|---|---|
| Lab Exhibit 1.1: | 164.45 grams of methamphetamine at a purity level of 100%, yielding 164.45 grams of methamphetamine (actual). |
| Lab Exhibit 1.2: | 223.25 grams of methamphetamine at a purity level of 99.9%, yielding 223.02 grams of methamphetamine (actual). |
| Lab Exhibit 3.1: | 27.83 grams of methamphetamine at a purity level of 67.4%, yielding 18.75 grams of methamphetamine (actual). |
| Lab Exhibit 3.2: | 27.66 grams of methamphetamine at a purity level of 80.9%, yielding 22.37 grams of methamphetamine (actual). |

        Lab Exhibit 4.1:       18.12 grams of methamphetamine at a purity level of 82.4%, yielding 14.93 grams of methamphetamine (actual).

        Lab Exhibit 4.2:       9.66 grams of methamphetamine at a purity level of 94.2%, yielding 9.1 grams of methamphetamine (actual).

        Lab Exhibit 5.1:       13.93 grams of methamphetamine at a purity level of 93.5%, yielding 13.02 grams of methamphetamine (actual).

        Lab Exhibit 5.2:       13.88 grams of methamphetamine at a purity level of 84%, yielding 11.66 grams of methamphetamine (actual).

Thus, the total quantity of methamphetamine (actual) is **913.3 grams.**

        B.    With the exception of the stipulations and admissions of this defendant as set forth above, the statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or evidence which a party believes is relevant to sentencing. Further, the Court is not bound by the factual stipulations of the parties. In determining the factual basis for the sentence, the Court may consider not only the stipulations of the parties, but also the results of any pre-sentencing investigation that may be conducted by the U.S. Probation Department, together with any other relevant information that may be brought to the Court's attention. See 18 U.S.C. §3553(a) and §1B1.4, U.S.S.G.

## V. SENTENCING COMPUTATION

        A.    The parties stipulate and agree that the defendant's sentence will be imposed by the Court pursuant to the provisions of Title 18, United States Code, Section 3553, as guided by the Federal Sentencing Guidelines and Policy Statements, promulgated pursuant to Title 28, United States Code, Section 994(1). However, the defendant understands and agrees that the Sentencing Guidelines are advisory in nature and are, therefore, not binding upon the Court. The defendant is also aware that

a sentence imposed under the Guidelines does not provide for parole. Knowing these facts, the defendant understands and agrees that this Court has jurisdiction and authority to impose any sentence within the statutory maximums set for his offenses. The defendant understands and agrees that he may not withdraw his plea solely as a result of the sentence imposed.

  B. The defendant is also aware that any estimate of the probable sentencing range that he may receive from his counsel, the Government or the Probation Department is a prediction, not a promise, and is not binding upon the Government, the Probation Department or the Court.

  C. The following factors, stipulated to by the parties, are deemed to be relevant to the sentencing of this defendant under the Guidelines and are intended to advise the Court and the Probation Department of the parties' predictions in advance of the preparation of the pre-sentencing investigation report (PSI), as set forth under §6B1.4 of the Guidelines:

  (1) The parties stipulate that the grouped drug quantity offense level for Count One and Two of the Superseding Indictment is **36** under §2D1.1(c)(2) (at least 500 grams, but less than 1.5 KG of methamphetamine (actual) or at least 500 grams, but less than 1.5 KG of "Ice."

  (2) The parties stipulate that there are no specific offense characteristics.

  (3) The parties stipulate that there are no victim-related nor obstruction adjustments.

  (4) The parties stipulate that there should be no career offender nor career livelihood adjustment.

  (5) The parties stipulate that this defendant is entitled to the 3-level acceptance of responsibility reduction under §§ 3E1.1 (a) and (b) of the Guidelines, resulting in an adjusted offense level of **33**.

(6)   The parties estimate that, based upon a review of the defendant's previous arrest and conviction records, he will have 6 or 7 criminal history points. Thus, the parties estimate that the defendant will be in Criminal History Category III or IV.

(D)   The parties understand and agree that this estimate regarding the defendant's criminal history category is a projection, and that the final criminal history category will be determined by the Court following a review of the pre-sentencing investigation report. Finally, the defendant understands and agrees that this Plea Agreement is not conditioned upon this defendant being in a particular criminal history category.

## GUIDELINES PREDICTION

E.   The resulting Guidelines' sentencing range for the counts of conviction for Criminal History Categories III or IV for the projected adjusted offense level of 33 results in an estimated starting sentencing range of 168-210 or 188-235 months, respectively. For the information of this defendant, the sentencing range for offense level 33, Criminal History Categories I through VI, is 135 to 293 months, respectively.

F.   Pursuant to §5E1.2 of the Sentencing Guidelines, the range of the fine for offense level 33 will be $17,500 to $20,000,000.

G.   In addition, the defendant is subject to the imposition of a term of supervised release of not less than 5 years. Finally, a mandatory victims' special assessment of $100 per count for a total of $200 will be imposed.

## VI. WHY THE PROPOSED PLEA DISPOSITION IS APPROPRIATE

A.   The parties believe that the sentencing range resulting from the proposed plea agreement is appropriate because all relevant conduct is disclosed; that the stipulated facts by the parties take into account all pertinent sentencing factors with

respect to this defendant; and that the charges to which the defendant has agreed to plead guilty adequately reflect the seriousness of the actual offense behavior.

B.      This document states the parties' entire agreement. There are no other promises, agreements or "side agreements", terms, conditions, understandings or assurances, express or implied.  In entering this agreement, neither the United States nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Respectfully submitted,

Date: 4/5/13

By: _____
WILLIAM WADE ROBBINS
DEFENDANT

Date: 4/5/13

By: _____
SCOTT T. VARHOLAK
ASSISTANT FEDERAL PUBLIC DEFENDER
ATTORNEY FOR DEFENDANT

Date: 6/19/13

By: _____
JAMES R. BOMA
ASSISTANT UNITED STATES ATTORNEY