IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 12-cr-00366-WYD-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM WADE ROBBINS,

    Defendant.
_____

**DEFENDANT'S SENTENCING STATEMENT**
_____

    Mr. Robbins maintains that a detailed analysis of the factors set forth in 18 U.S.C. § 3553(a) compels a 120 month sentence, as anticipated by the Plea Agreement, and Mr. Robbins respectfully requests that the Court impose that sentence.

**I.    Nature of the Offense and the History and Characteristics of the Defendant**

    The Court must consider the nature of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a)(1). Here, the offense was undoubtedly serious. But, Mr. Robbins has done everything that he can to atone for this offense. When initially questioned, Mr. Robbins admitted to his conduct. He has pled guilty and even agreed to a limited appeal waiver. Finally, as part of his agreement with the government, he has agreed to cooperate with (and has cooperated with) government officials.

    As the Probation Department recognizes, Mr. Robbins' "criminal activity appears to be driven by his addiction to methamphetamine . . . ." PSI, R-2. This addiction has haunted Mr. Robbins for fifteen years. *See* PSI, ¶ 60. He began using it to gain more

energy at work.  *See id.*  His use gradually increased until, prior to his arrest, he was consuming a quarter of a gram per day.  *See id.*

This arrest has been a real wake-up call.  As Mr. Robbins explained to United States Probation Officer Ryan Henry, Mr. Robbins "hates methamphetamine with a passion," and recognizes the need for continued drug treatment.  *Id.*  He asks the Court to recommend RDAP so that he can undergo intense counseling while in custody.

When not struggling with methamphetamine, Mr. Robbins has proven to be a productive, positive member of society.  As set forth in the PSI, until 2010, Mr. Robbins had a steady employment history.  *See* PSI, ¶¶ 62-63.  He is a skilled laborer, who has worked as a mechanic and a welder at factories in Greeley, Colorado.  *See id.*  Virtually all of his criminal history is related to narcotics and Mr. Robbins' addiction.

Mr. Robbins has now begun the long journey toward overcoming his addiction; he recognizes the powerful hold that this drug has held over him and the need for change.  With the RDAP recommendation, Mr. Robbins can obtain the necessary treatment while in custody.  Upon his release, he can continue this treatment as a condition of his supervised release.  Considering Mr. Robbins' desire to change, the actions he has taken to atone for his conduct, and his positive work history, a 120 month sentence adequately reflects the seriousness of the offense and Mr. Robbins' history and characteristics.

## II.   Sentencing Guidelines and Avoiding Unwarranted Disparities

Second, the Court must consider the Sentencing Guidelines and the need to avoid unwarranted disparities.  *See* 18 U.S.C. § 3553(a)(4-6).  As set forth in the Plea

Agreement, the parties anticipate that the government will file a substantial assistance downward departure requesting a 120 month sentence. Such a departure motion is specifically authorized by the Sentencing Guidelines. As a result, the requested sentence gives due consideration to the Sentencing Guidelines and will avoid unwarranted sentencing disparities.

### III.     A Sufficient, but not Greater than Necessary Sentence[1]

Finally, after considering all of the factors set forth in 18 U.S.C. § 3553(a), this Court must "impose a sentence sufficient, *but not greater than necessary*, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." 18 U.S.C. § 3553(a) (emphasis added). The requested sentence achieves these goals.

The requested sentence reflects the seriousness of the offense and promotes respect for the law. Mr. Robbins has done everything that he can to atone for his conduct. He has pled guilty, entered into a limited waiver of his appellate rights, and cooperated with the government. The requested ten-year sentence is lengthy, and will incarcerate Mr. Robbins for much longer than any prior sentence. As a result, the requested sentence will reflect the seriousness of the offense and promote respect for the law.

The requested sentence will also provide Mr. Robbins with necessary treatment. Again, Mr. Robbins has struggled with his methamphetamine addiction for more than a

---

[1] The final statutory factors deserve only scant reference. Because the requested sentence reflects the mandatory minimum penalty, the requested sentence satisfies 18 U.S.C. §3553(a)(3) (requiring the Court to consider the kinds of sentences available). Similarly, because Mr. Robbins does not owe any restitution, 18 U.S.C. § 3553(a)(7) is inapplicable.

decade. He recognizes his addiction and desperately seeks treatment. With an RDAP recommendation, Mr. Robbins can begin this treatment while incarcerated. Upon his release, he can continue that treatment through the efforts of our Probation Department. As a result, the requested sentence will meet the treatment objectives of sentencing.

Finally, because the requested sentence will satisfy the treatment needs, it will also deter future criminal conduct and protect the public. Nearly all of Mr. Robbins' criminal activities stem from his methamphetamine addiction. When not using, Mr. Robbins is a productive, positive member of the community. By imposing the recommended sentence and allowing Mr. Robbins to get the treatment that he needs, the Court will also be deterring future criminal conduct and assuring the protection of the public.

WHEREFORE, Mr. Robbins respectfully requests that this Court impose a 120 month sentence.

Respectfully submitted,

WARREN R. WILLIAMSON
Federal Public Defender, Interim


s/ Scott T. Varholak
Scott T. Varholak
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Scott.Varholak@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on 8/2/2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

James R. Boma, AUSA
email: james.boma@usdoj.gov

                                s/ Scott T. Varholak
                                Scott T. Varholak
                                Assistant Federal Public Defender
                                633 17th Street, Suite 1000
                                Denver, CO  80202
                                Telephone:  (303) 294-7002
                                FAX:  (303) 294-1192
                                Scott.Varholak@fd.org
                                Attorney for Defendant