IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No: 12-cr-00366-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WILLIAM WADE ROBBINS,

    Defendant.

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2) (DOC 36)**

    The United States, by United States Attorney John F. Walsh, and through the undersigned United States Attorney, hereby files the following response to the defendant's Motion for Modification of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Doc 36). In his motion, the defendant requests reduction of his sentence through consideration of Amendment 782 and its retroactive application to the sentencing guidelines. The defendant seeks a two level reduction to his advisory guideline range and a reduction in his sentence. The Government submits that the defendant was sentenced to the statutory mandatory minimum sentence in this matter, and is, therefore, ineligible for a reduction in sentence. In support, the following is stated:

    1.    The defendant was sentenced to a term of 120 months following his plea of guilty to Count One and Count Two of the Indictment which alleged violations of 21 U.S.C. §§

1

841(a)(1) and (b)(1)(A), Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine (actual). The defendant's total offense level was determined to be 33 and his criminal history category was III. The defendant's advisory guideline range was 168 to 210 months. There is a statutory mandatory minimum sentence of 120 months for this offense. The defendant was given a downward departure pursuant to USSG 5K1.1 to 120 months. This downward departure **did not** include authority pursuant to 18 U.S.C. §3553(e) to break the mandatory minimum sentence of 120 months.

2.   A sentence of 120 months is the mandatory minimum sentence for the offenses that the defendant pled guilty to. The defendant was not safety valve eligible. The defendant's downward departure for substantial assistance **did not** include authority to break the statutory mandatory minimum. As a result, no mechanism existed then nor exists now to break the statutory mandatory minimum. As a result, even if the defendant received application of Amendment 782 which would lower his offense level to 31, an offense level of 31 with Criminal History Category III, results in an advisory guideline range of 135 to 168 months. Application of the downward departure pursuant to USSG 5K1.1 on the new guideline range would still result in a sentence of 120 months, therefore the defendant's sentence remains unchanged.

3.   The Sentencing Commission has no authority to alter a statutory mandatory penalty. Its adoption of Amendment 782 only altered the offense levels for drug offenses. It did not and could not change the statutory mandatory minimum.

4.   The exception permitting a sentencing reduction below the mandatory minimum on the basis of cooperation only applies where the government at the original sentencing proceeding (or a proceeding under Rule 35(b)) moved to permit a sentence below the mandatory

minimum.  A 5K motion by itself does not suffice.  *United States v. Ferguson*, 2008 WL 2338311 (N.D. Ind. 2008), addressed this situation, where the government's departure motion had been limited to Section 5K1.1, and was not accompanied by a request under 18 U.S.C. § 3553(e) to permit a departure below the statutory minimum.  In this situation, the court correctly held, a district court may not reduce the sentence upon a retroactive amendment below the mandatory minimum.  *See also Melendez v. United States,* 518 U.S. 120 (1996) (permitting the government to limit its motion in this fashion at the original sentencing proceeding).

      5. The Government asserts that as a matter of law, the sentence cannot be below the statutory mandatory minimum, therefore no reduction of sentence is permitted in this matter.  As a result, the defendant's motion should be denied.

      Respectfully submitted this 17th day of May, 2016.

      JOHN F. WALSH
      United States Attorney

      By: *s/Susan D. Knox*
      SUSAN D. KNOX
      Assistant U.S. Attorney
      U.S. Attorney's Office
      1225 17th Street, Suite 700
      Denver, CO 80202
      Telephone:  (303) 454-0100
      Fax: (303) 454–0401
      E-mail: susan.knox@usdoj.gov
      Attorney for Government

## CERTIFICATE OF SERVICE

      I hereby certify that on this 17th day of May, 2016, I electronically filed the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(2) (DOC 36)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

      I further certify that a copy of the foregoing was sent via United States mail to:

William Robbins
Reg. No. 38805-013
Federal Prison Camp
P. O. Box 5000
Florence, CO 81226-5000

                                  By: s/ Grazy Banegas
                                         Grazy Banegas
                                         Legal Assistant