CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. WILLIAM WADE ROBBINS            DKT. NO. 1:12CR00366-1

### PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Maravilla Fontes, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant William Wade Robbins, who was placed on supervision by the Honorable Wiley Y. Daniel, sitting in the United States District Court in Denver, Colorado, on September 4, 2013.  The defendant was sentenced to 120 months imprisonment and 5 years supervised release for an offense of Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)  . Supervision commenced on April 11, 2019, and is set to expire on April 10, 2024. As noted in the judgment [Document 35], the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

The defendant commenced supervised release on April 11, 2019 in the District of Colorado. The defendant immediately began urine screening to address his substance abuse issues, which ultimately contributed to his past criminal behavior. In June 2019, the defendant reported a relapse on alcohol.  Subsequently, he was referred to Creative Counseling to complete a substance abuse assessment and has been participating in individual sessions for substance abuse.

The defendant has maintained stable employment with Robbins Exteriors since October 2019, he also holds stable housing. The defendant has maintained some stability, but his noncompliance ensued in October 2020, when he submitted two positive urine screens for amphetamines. The defendant admitted to using methamphetamines and this was addressed therapeutically by increasing his substance abuse sessions and utilizing the cognitive model to work through his thoughts regarding his substance abuse.

The defendant appeared to be compliant with his conditions of supervision but on February 17, 2021 the defendant submitted a dilute urine screen, and he missed three following urine tests. On May 5, 2021, the defendant submitted a positive urine screen for amphetamines which he admitted to using methamphetamines about 3-4 times in the last month and a half. A strict compliance period of 60 days was agreed upon with the defendant to ensure he followed his conditions and failure to do so would result in modification to the Residential Reentry Center (RRC) to allow for further structure and accountability.

Case No. 1:12-cr-00366-RBJ   Document 42   filed 05/28/21   USDC Colorado   pg 2 of 2

William Wade Robbins  
1:12CR00366-1

Petition to Modify Conditions of Supervised Release  
Page 2

May 28, 2021

On May 27, 2021, the defendant was ordered into the office for a scheduled appointment and a urine screen was administered. The defendant admitted to having used methamphetamines on or about May 23, 2021 and he believed his urine screen result would return positive results. This is a violation of the conditions of his supervision and the compliance period he agreed to. Therefore, the defendant should comply with the RRC to ensure he attains his sobriety and does not continue to jeopardize his stability.

On May 27, 2021, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  Assistant U.S. Attorney Susan Diane Knox was contacted and has no objection to the proposed modification.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of Supervised Release to include the following special conditions:

1. The defendant shall reside in a residential reentry center (RRC) for a period of up to 6 months, to commence, at the direction of the Probation Office, and shall observe the rules of that facility.  The defendant may be discharged earlier than 6 months, by the probation officer, if the defendant is determined to be in full compliance with conditions of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/*__**Maravilla Fontes**__  
Maravilla Fontes  
United States Probation Officer  
Place:   Denver  
Date:    May 28, 2021



*s/***Troy Ruplinger**  
Troy Ruplinger  
Senior United States Probation Officer  
Place:   Denver  
Date:    May 28, 2021