CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. WILLIAM WADE ROBBINS       DKT. NO. 1:12CR00366-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Alejandro Carrillo, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant William Wade Robbins, who was placed on supervision by the Honorable Wiley Y. Daniel, sitting in the United States District Court in Denver, Colorado, on September 4, 2013. The defendant was sentenced to 120 months' imprisonment and 5 years' supervised release for offenses of Possession with Intent to Distribute and Distribution of 50 Grams or More of Methamphetamine (Actual), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Supervision commenced on April 11, 2019, and is set to expire on April 10, 2024. As noted in the judgment [Document 35], the Court ordered mandatory, special and standard conditions of supervision. On June 1, 2021, an Order Regarding Request for Modification of the Conditions of Supervision [Document 43] was signed by the Court. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 6, 2020, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.[1]

On October 6, 2020, the defendant provided a urine sample at Intervention that tested positive for amphetamines. On October 6, 2020, the defendant admitted to relapse on methamphetamine. The defendant was directed to notify his treatment provider Creative Counseling Services of the relapse.

---

[1] The Probation Office believes that the defendant's possession and use of methamphetamine, amphetamine, and marijuana is a Grade B violation. According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. In U.S. v Rockwell, 984 F.2d 1112 (10th Cir.) cert. denied, 113 S. Ct. 2945 (1993), the Court equated drug use with drug possession. In U.S. v Robles, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1. In *U.S. v Rodriguez*, 945 F.3d 1245 (10th Cir. 2019), the Court re-affirmed that drug use equates to drug possession and for a defendant with prior qualifying drug convictions under 21 U.S.C. § 844(a), the potential penalty is more than one-year imprisonment and is appropriately considered a Grade B violation.

Case No. 1:12-cr-00366-RBJ   Document 44   filed 09/02/22   USDC Colorado   pg 2 of 6

William Wade Robbins  
1:12CR00366-1

Petition for Warrant on Person Under Supervision  
Page 2

September 2, 2022

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about October 8, 2020, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On October 8, 2020, the defendant provided a urine sample at Intervention that tested positive for amphetamines. On October 13, 2020, the defendant admitted to relapse on methamphetamine.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 5, 2021, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On May 5, 2021, the defendant provided a urine sample at Intervention that tested positive for amphetamines. On May 21, 2021, a call was placed to the defendant to address the positive results. The defendant denied using methamphetamines. The urine screen was sent for confirmation to Abbott Toxicology. Confirmation tests confirmed, the urine sample was positive for methamphetamine.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 27, 2021, the defendant used or administered a controlled substance, methamphetamines which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On May 27, 2021, the defendant provided a urine sample at the probation office that tested positive for amphetamines. On the same day, the defendant admitted to using methamphetamine on approximately 3-4 occasions in the prior month and a half.

5. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 7, 2021, the defendant used or administered a controlled substance, methamphetamines which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On June 7, 2021, the defendant provided a urine sample at Independence House that tested positive for amphetamines and cannabinoids. On June 23, 2021, the defendant admitted to using marijuana and methamphetamine.

Case No. 1:12-cr-00366-RBJ   Document 44   filed 09/02/22   USDC Colorado   pg 3 of 6

William Wade Robbins                    Petition for Choose an item.                    September 2, 2022
1:12CR00366-1                                   Page 3

### 6. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about January 24, 2022, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On January 24, 2022, the defendant provided a urine sample at Intervention that tested positive for amphetamines. On March 1, 2022, the defendant admitted to using methamphetamine.

### 7. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about May 12, 2022, the defendant used or administered a controlled substance, methamphetamines which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On May 12, 2022, the defendant provided a urine sample at the probation office that tested positive for amphetamine. On the same day, the defendant admitted to continued use of methamphetamine.

### 8. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about June 15, 2022, the defendant used or administered a controlled substance, methamphetamines which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On June 15, 2022, the defendant provided a urine sample at Intervention that tested positive for amphetamines. The urine screen was sent for confirmation to Abbott Toxicology. Confirmation tests confirmed, the urine sample was positive for methamphetamines.

### 9. POSSESSION AND USE OF A CONTROLLED SUBSTANCE

On or about July 1, 2022, the defendant used or administered a controlled substance, methamphetamines which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On July 1, 2022, the defendant provided a urine sample at the probation office that tested positive for amphetamines. The defendant admitted to continued use of methamphetamine. The urine screen was sent for confirmation to Abbott Toxicology. Confirmation tests confirmed, the urine sample was positive for methamphetamines.

Case No. 1:12-cr-00366-RBJ   Document 44   filed 09/02/22   USDC Colorado   pg 4 of 6

| William Wade Robbins | Petition for Warrant on Person Under Supervision | September 2, 2022 |
|---|---|---|
| 1:12CR00366-1 | Page 4 | |

10. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 7, 2022, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On July 7, 2022, the defendant provided a urine sample at Intervention that tested positive for amphetamines.

11. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 8, 2022, the defendant used or administered a controlled substance, methamphetamines, which had not been prescribed for him by a physician. This constitutes a Grade B violation of supervised release.

On July 8, 2022, the defendant provided a urine sample at the probation office that tested positive for amphetamines. The urine screen was sent for confirmation to Abbott Toxicology. Confirmation tests confirmed, the urine sample was positive for methamphetamines.

12. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

On June 29, 2022, the defendant was unsuccessfully discharged from Creative Counseling Services, Greeley, Colorado, the substance abuse treatment program in which the probation officer had directed him to participate, which constitutes a Grade C violation of supervised release.

The defendant was unsuccessfully discharged from Creative Counseling Services due to a lack of progress and violation of his behavioral contract with treatment. The defendant missed treatment sessions, missed urine screens, and continued to use methamphetamines.

13. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Intervention, the testing and treatment program in which the probation officer directed him to participate, on July 13, 2020, July 29, 2020, October 1, 2020, March 3, 2021, April 7, 2021, April 13, 2021, April 7, 2022, April 11, 2022, May 17, 2022, June 6, 2022, June 21, 2022, June 23, 2022, July 18, 2022, July 22, 2022, July 26, 2022, August, 4, 2022, August 11, 2022, August 19, 2022, and August 30, 2022 This constitutes a Grade C violation of supervised release.

Case No. 1:12-cr-00366-RBJ   Document 44   filed 09/02/22   USDC Colorado   pg 5 of 6

William Wade Robbins  
1:12CR00366-1

Petition for Warrant on Person Under Supervision  
Page 5

September 2, 2022

On July 14, 2020, July 29, 2020, October 2, 2022, March 4, 2021, April 9, 2021, April 14, 2021, April 25, 2022, May 31, 2022, June 28, 2022, and August 31, 2022, notification was received from Intervention indicating that the defendant failed to report to submit random urine samples.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. The defendant has an extensive criminal history and a history of substance use. The defendant has relapsed while on supervised release. The defendant presents a danger to the community based on the fact he continues to use methamphetamine and is not currently in treatment. The defendant has failed to take advantage of the opportunities afforded to him.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Alejandro Carrillo*  
  Alejandro Carrillo  
  United States Probation Officer  
  Place:   Denver  
  Date:    September 2, 2022

*s/Walter E. Vanni*  
  Walter E. Vanni  
  Supervisory United States Probation Officer  
  Place:   Denver  
  Date:    September 2, 2022

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class A felony, thus the maximum sentence allowed upon revocation is not more than 5 years' imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation. The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 12 to 18.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as a risk of danger to the community. The defendant has continued using methamphetamine despite efforts by treatment and probation to help the defendant remain sober in the community. The defendant has tested positive for methamphetamine on numerous occasions. Of concern is that the defendant is driving a vehicle in the community while possibly being under the influence of methamphetamine.   The defendant has previously been convicted of four prior felonies for possession of a schedule II controlled substance, a felony attempted contributing to the delinquency of a minor, and multiple traffic infractions. More details can be found in the presentence report [Document 31]. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.